IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

FILED

3:00 pm, 2/18/11

Tim J. Ellis
Clerk of Court

| | |
|---|---|
| In re ) | |
| ) | |
| MARMC TRANSPORTATION, INC., ) | Case No. 10-20653 |
| ) | CHAPTER 11 |
| Debtor. ) | |

### ORDER DENYING UNITED STATES TRUSTEE'S MOTION TO CONVERT

On February 17, 2011, this matter came before the court for an evidentiary hearing on the United States Trustee's ("UST") Motion to Convert and the Debtor's objection. The parties were represented as stated on the record. Having reviewed the record, testimony and evidence presented, the court denies the motion.

The UST argues that cause exists, under 11 U.S.C. §1112(b), as a basis to convert the Debtor's chapter 11 case to a chapter 7, alleging the following:

The Debtor: (1) failed to provide sufficient evidence of its receipt of $1,310,000.00 from the sale of assets to Monster Heavy Haulers, LLC ("Monster"); (2) failed to disclose to the Court that Monster is an insider; (3) acknowledges that some of the proceeds from the sale are in its attorney's trust account rather than in the DIP account; (4) under reported Debtor's disbursements, omitting the $1,310,000 in sales proceeds, causing an understatement of the quarterly fees owed to the UST; (5) failed to file a chapter 11 plan and disclosure statement in the six months since the case was commenced; (6) admits that this is a liquidation case; (7) continues to pay substantial

Page 1

salaries to insiders; (8) continues to incur substantial loans from Ms. Cindy Richardson ("Richardson") in the amount of $90,750, without court authorization; and, (9) has failed to pursue collection of $561,619.77 in accounts receivables since the commencement of the case.

The Court finds the following facts:

1. Ms. Richardson, vice president and the Debtor's current manager, testified about the circumstances of the transfer of assets by her ex-spouse to Monster; the subsequent sale of those assets to Monster; her assessment of the value of the equipment in negotiating a reasonable price for the equipment which was based on her ability to retrieve and recondition the equipment; her actions to amend the Debtor's monthly financial report in response to the UST's allegations regarding the sales proceeds from Monster; and, provided the court a clear understanding of the circumstances of the sale and the distribution of the proceeds.

2. Ms. Richardson testified that at the time the petition was filed she thought her ex-spouse, Mr. Mark Richardson, was affiliated with Monster. However, since that time, she has discovered that he is not. The sale of the equipment to Monster was not a sale to an insider.

3. The testimony of Ms. Richardson and Jim Belcher adequately explained the use of the attorney trust account to hold the earnest money payment from

    Monster for the sale of the equipment. This probably should have been brought before the court so that authority to use the trust account or establish an escrow account could have had prior approval. However, the creditors were not harmed.

4.  Ms. Richardson testified that the Debtor never received the proceeds of $1,310,000.00 from the sale of the equipment to Monster, except for $18,000.00. The proceeds were disbursed to Wells Fargo to pay the note, which was secured by liens on the equipment sold. The attorney's fees with regard to this transaction are still pending and will attach to other liens that Wells Fargo holds on the real property owned by the Debtor.

5.  Ms. Richardson testified about her discovery that the Debtor had essentially been abandoned by its management; her attempts to sell the company intact; to find investors to re-start operations of the business; and, her hesitancy to "piece-meal" the sale of the equipment. She also testified to the expenses continuing to be incurred by the Debtor. She continued the employment of Don Richardson. Mr. Richardson, is her ex-brother-in-law who has worked for the Debtor since 1994. He currently maintains and secures the equipment and provides expertise to Ms. Richardson during the pendency of the case. Ms. Richardson also has retained the office person. Ms. Richardson stated that she "cannot do this by myself." The two employees

that she has retained, have the expertise to provide her the information needed to administer the estate. Also, having recognized that the attempts to reorganize have not been successful, she determined that a sale of the assets was the next step.

6. There was testimony of the sale of the winches, a transmission and of a sale that fell through. Ms. Richardson also testified about the adversary proceedings that are being pursued against: Monster, Noland, and the four default proceedings for the collection of accounts receivables.

7. Ms. Richardson testified that it was her understanding that she had court authority to personally loan the Debtor funds to pay for insurance, wages, taxes, and utilities. Although her understanding was mistaken and she is required to request the court's authority to loan personal funds to the Debtor each time, she has filed motions to correct this oversight.

The court shall convert a case if the movant establishes cause. The UST alleges that due to the mismanagement of the estate, the non-compliance of the Debtor in following the Bankruptcy Code; and the substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation, the case should be converted. The court finds that the testimony and evidence shows that the Debtor is indeed liquidating after a period of attempting to find a source for funding to reorganize or sell the business as a whole. The sale of the assets to Monster, reduced the estate

secured debt, which will allow the majority of the proceeds from the auction to be distributed to unsecured creditors. The Debtor also obtained a commercially reasonable value for the equipment sold to Monster based upon the cost to retrieve the equipment from Louisiana and recondition the equipment for use or sale. The Debtor is pursuing adversary actions to recover accounts receivables. The Debtor did not obtain clear authority for the sale of the transmission or to allow Ms. Richardson to continue to loan the Debtor operating funds. However, the court cannot find a continuing loss, diminution or mismanagement of the estate based upon the testimony and evidence presented. Cause has not been established to support a motion to convert this case from a chapter 11 to a chapter 7.

THEREFORE IT IS ORDERED, that the United States Trustee's motion to convert is denied.

DATED this __18__ day of February, 2011.

By the Court

_____
HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge