FILED

10:46 am, 8/23/12

Tim J. Ellis
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re ) | |
| ) | |
| MARMC TRANSPORTATION, INC., ) | Case No.  10-20653 |
| ) | Chapter 11 |
| Debtor. ) | |

## OPINION ON OBJECTION TO PROOF OF CLAIM FILED BY SUMMIT ELECTRIC, LLC.

This matter initially came before the court for a telephonic hearing on March 15, 2012 on MarMc Transportation, Inc.'s ("MarMc") Objection to Proof of Claim filed by Summit Electric, LLC ("Summit"). The court requested that the parties file briefs. A subsequent telephonic hearing was held on May 24, 2012. The court took the matter under advisement. Upon review of the record, pleadings, briefs and arguments of the parties, the court determined that it would rule on the pleadings as dispositive motions and allowed each party to present supplemental information.[1]

**Jurisdiction**

The court has jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B) and Fed. R. Bankr. P. 3007.[2]

---

[1] Although not related, Debtor's supplemental pleadings contained its arguments for this claim objection and the Debtor's objection to the claim filed by Dave and Marcille Sundem.

[2] Unless otherwise indicated, all future statutory references are to the Bankruptcy Code, Title 11 of the United States Code.

**Facts**

The following facts are undisputed:

MarMc employed Summit to perform certain electrical services. The invoices' total amount was $52,418.07. After failing to receive payment from MarMc, Summit filed a complaint in the District Court of the Seventh Judicial District, Natrona County, Wyoming ("Wyoming District Court"). On March 2, 2010, after MarMc failed to answer or respond, the Wyoming District Court entered an Order of Default Judgment in that amount with interest at 10% per annum.

Summit began enforcement of its judgment through a judicial lien and writ of garnishment. On March 9, 2010, Summit's Judgment Lien was recorded in the Natrona County Clerk's Office. On March 19, 2010, the Clerk of District Court issued a Writ of Garnishment on MarMc's bank account.

Thereafter, MarMc contacted Summit requesting the release of the writ of garnishment. On March 25, 2010, MarMc executed a Promissory Note with Guaranties ("Note") agreeing to pay the judgment amount with 10% interest beginning March 2, 2012, plus attorneys' fees. Cindy Richardson, vice president and manager of MarMc executed a personal guaranty for the Note. Also, on March 25, 2012, the Wyoming District Court entered its order releasing the writ of garnishment. MarMc filed for Chapter 11 bankruptcy protection on June 3, 2010. Summit filed its claim asserting a secured claim in the amount of $33,361.88 as the unpaid balance and an unsecured claim

in the amount of $2,239.96 for pre-petition attorney fees.

**Discussion**

MarMc objected to Summit's claim arguing: (1) that the Default Judgment entered in the Wyoming District Court does not have any preclusive effect; (2) the judgment lien is void on the basis of novation; and (3) the unsecured claim amount of $2,239.96 is presumably for attorney fees which have not been approved by the court. MarMc supplemented its objection to include the argument that the claim is unsecured as Summit failed to file a continuation of its judgment lien as required under the Wyoming Uniform Commercial Code.

A properly filed proof of claim constitutes prima facie evidence of the validity and amount of the claim.[3] Such a claim is deemed allowed unless a party-in-interest objects.[4] The objecting party has the burden of going forwarded with evidence supporting the objection. Such evidence must be of a probative force equal to that of the allegations contained in the proof of claim. However, an objection raising only legal issues is sufficient. Once the objecting party has reached this threshold, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim.[5] The validity of a creditor's claim is determined by state law. The bankruptcy court is required to

---

[3] Fed. R. Bankr. P. 3001(f).

[4] 11 U.S.C. § 502(a).

[5] *In re Geneva Steel Co.*, 260 B.R. 517 (10th Cir. BAP 2001) and *In re Harrison*, 987 F.2d 677 (10th Cir. 1993).

Page 3

determine validity or invalidity of the contract by looking to the law of the state which the court found that the contract was made and primarily payable.

(1)  Claim preclusion

a.  Res judicata. *Res judicata* enables the bankruptcy court to give full faith and credit to a prior state court judgment in assessing whether a 'claim' or 'debt' exists in a bankruptcy case.[6] Because federal courts are bound under 27 U.S.C. § 1738 to give full faith and credit to a state court judgment, only lack of jurisdiction or fraud can serve as grounds to nullify a state court judgment.[7] Bankruptcy courts, in determining the allowance and objections to claims, apply federal law, but federal courts must give a state court judgment the same preclusive effect as would a court of the state in which the judgment is handed down.[8] Therefore, the court will determine the preclusive effect of the Wyoming District Court judgment under Wyoming law.

Four factors must exist for *res judicata* to apply: (1) the parties must be identical; (2) the subject matter must be identical; (3) the issues must be identical and relate to the same subject matter; and (4) the capacities of the persons must be identical in reference to both the subject matter and the issues between them.[9]

---

[6] *Integrated Tech. Solutions Inc.*, 471 B.R. 643 (Bankr. D.N.M. 2009) citing *Bolling v. City and County of Denver*, 790 F.2d 67, 68 (10th Cir. 1986).

[7] *Integrated, supra,* citing *Browning v. Navarro*, 887 F.2d 553, 563 (5th Cir. 1989).

[8] *In re Horkins,* 153 B.R. 793 (Tenn. 1992).

[9] *Wyo. Med. Center, Inc. v. Wyo. Ins. Guaranty Assoc.*, 2010 WY 21 (2010).

The "identical parties" requirement is met when the parties are the same as, or in privity with, those involved in the previous proceedings. Privity means a connection or relationship between two parties, each having a legally recognized interest in the same subject matter.[10] The general rule is that a trustee or a debtor in possession is in privity with the pre-petition debtor and is bound by pre-petition judgments against the debtor.[11]

MarMc argues that upon filing for bankruptcy, the identity of the debtor changed to that of a debtor-in-possession with the authority provided to a trustee under the Bankruptcy Code. Therefore, the party subject to the state court judgment is not the same as the debtor-in-possession in this chapter 11 bankruptcy case.

The court disagrees with MarMc's argument. "Pre-petition MarMc" privity with the "debtor in possession MarMc." The pre-petition debts of MarMc are the reason that the entity filed for bankruptcy protection. "Debtor in possession MarMc's" interests are essentially the same as "pre-petition MarMc" regarding its debts. The relationship is so close that the Wyoming state court default judgment is binding on the "debtor in possession MarMc."

The other elements are not in controversy. Therefore, res judicata applies to preclude MarMc from objecting to the Wyoming District Court Default Judgment.

b.      Collateral Estoppel. The court's review of the pleadings reflects that

---

[10] *Grynberg v. L & R Exploration Venture et al,* 2011 WY 134 (2011).

[11] *Teltronics Services, Inc. v. L.M. Ericsson Telecommunications, Inc.*, 642 F.2d 31, 37 (2nd Cir. 1981).

Summit did not appear to pursue collateral estoppel as a basis for claim preclusion. The court also reviewed the Default Judgment and finds that the matter was not actually litigated. Therefore, collateral estoppel does not apply.

(2)    Novation

Novation is a mutual agreement between all parties concerned for the discharge of a valid existing obligation by the substitution of a new valid obligation of debt. The elements to prove a novation are: (1) a previous valid obligation; (2) agreement of all parties to a new contract; (3) extinguishment of the old contract; and (4) validity of a new contract.[12] Novation is never presumed, but must be pleaded and proved as an affirmative matter by the party alleging it.[13] The Wyoming Supreme Court held that, "unless it is the clear intention of all the parties concerned to extinguish the old obligation by substitution of the new one, a novation has not been effected."[14]

The court's review of the Note finds that the note states:

> "In consideration of this promissory note Summit Electric, LLC, has released its Writ of Garnishment which was issued by the Natrona County Clerk of District Court on March 19, 2010."

The only reference to the State District Court's Default Judgment in the Note,

---

[12] *Tri-State Oil Tool Industries, Inc. v. EMC Energies, Inc.*, 561 P.2d 714 (Wyo. 1977), citing 66 C.J.S. Novation § 3, p. 683.

[13] *Scott v. Wyoming Oils, Inc.*, 75 P.2d 764 (Wyo. 1938).

[14] *Tri-State, supra,* citing *Davenport v. Dickson*, 507 P.2d 301, 305 (Kan. 1973).

states, "The amount MarMc promises to pay in this Note represents the amount of the Default Judgment entered against MarMc Transportation, Inc. on March 2, 2012 by the Wyoming Seventh Judicial District Court in Natrona County, Wyoming."

The court finds that the elements required to prove novation have not been met. There was a valid previous obligation, i.e. the default judgment. The parties agreed to a new contract, i.e. the Note. There are not any allegations that the Note is not valid. However, the court's review of the Note does not find an extinguishment of the old contract. In fact, the contract is clear and unambiguous in its definition of the consideration for the agreement, i.e the "release of the Writ of Garnishment." Therefore, novation does not apply to extinguish the Wyoming District Court's Default Judgment.

(3)    Pre-petition attorney's fees

As part of its claim, Summit asserts an unsecured portion in the amount of $2,239.96 representing the attorney's fees and costs for pre-petition collection services.

A creditor with an oversecured claim is entitled to any reasonable fees (including attorney's fees), costs or charges provided under the agreement under which the claim arose.[15] The holders of an over-secured consensual or non-consensual claims are entitled to interest, penalties, attorney fees, and costs that accrue before the debtor's bankruptcy

---

[15] § 506(b).

petition is filed.[16] The four basic requirements for the allowance of attorney fees, costs and charges, under § 506 are:

> (1) the claim must be an allowed secured claim; (2) the creditor holding the claim must be oversecured; (3) the entitlement to fees, costs, or charges must be provided for under an agreement or state statute under which the claim arose; and (4) the fees, costs, and charges sought must be reasonable in amount.[17]

There appears to be conflicting authority in the Tenth Circuit as to whether Fed. R. Bankr. P. 2016 applies to the recovery of pre-petition fees. The Bankruptcy Appellate Panel for the Tenth Circuit in the case *In re Woods,* held,

> "An over-secured creditor bears the burden of proving the reasonableness of the fees it requested under § 506(b). Fed. R. Bankr. P. 2016 governs §506(b) claims for attorney fees from a bankruptcy estate. That rule requires that the applicant file a detailed statement of the time expended, services rendered, and expenses incurred so that the bankruptcy court can determine whether the requested fees and expenses are reasonable."[18]

However, the Bankruptcy Appellate Panel in *In re Sun* found that Rule 2016 is inapplicable where a secured creditor is seeking recovery of pre-petition fees.[19]

It appears to this court, after a review of the statute and case law that the

---

[16] *In re Market Center East Retail Property, Inc.*, 433 B.R. 335 (Bankr. D.N.M 2010).

[17] *In re Sun 'N Fun Waterpark LLC,* 408 B.R. 361 (10th Cir. BAP, 2009).

[18] *In re Woods*, 465 B.R. 196 (10th Cir. BAP, 2012), relying upon In re Hedstrom Corp, 333 B.R. 815 (Bankr. N.D. Ill. 2005); *In re Biazo*, 314 B.R. 451 (Bankr. D. Kan. 2004).

[19] *In re Sun, supra.*

requirements to determine the reasonableness of attorney's fees and costs under section 506(b) and Rule 2016 are generally the same. The court must be able to determine the reasonableness of the requested fees and costs.

In applying the four requirements for the allowance of attorney's fees, costs and charges, this court has determined that the Summit claim is an allowed secured claim as res judicata applies and novation does not. There is an agreement that the Debtor shall pay the attorney fees as stated in the Note. However, the court does not have sufficient information to determine the two remaining requirements for the allowance of the attorney's fees and costs. "Exhibit F" is attached to Summit's claim. However, "Exhibit F" is a letter and does not include the copy of an invoice or statement to provide the court a basis to determine whether the fees and costs sought are reasonable. The court shall require an evidentiary hearing regarding the two issues of: (1) whether the creditor holding the claim is oversecured; and (2) the reasonableness of the attorney's fees and costs.

(4) <u>Failure to comply with Wyoming UCC requirement of filing a continuation of the judgment lien</u>

MarMc argues that Summit has asserted its claim's secured status is based upon Summit filing its default judgment with the Natrona County Clerk on March 9, 2012. MarMc further asserts that under § 546, Summit failed to file the notice required

to continue the existence of its judgment and therefore the lien expired on March 9, 2011. Summit disagrees and argues that its judgment has been stayed by an injunction, i.e. the automatic stay, and is excluded from the one-year requirement of executing on its lien or losing its lien status.

Section 546(b) states, as relevant,

> (1) "The rights and powers of a trustee...are subject to any generally applicable law that -
> (B) provides for the maintenance or continuation of perfection of an interest in property to be effective against an entity that acquires right in such property before the date on which action is taken to effect such maintenance or continuation.
> (2) if -
> (A) a law described in paragraph (1) requires seizure of such property or commencement of an action to accomplish such perfection, or maintenance or continuation of perfection of an interest in property; and
> (B) such property has not been seized or such an action has not been commence before the date of the filing of the petition;
>
> such interest in such property shall be perfected, or perfection of such interest shall be maintained or continued, by giving notice within the time fixed by such law for such seizure or such commencement."

Section 362(b) states,
> "The filing of a petition...does not operate as a stay-
> (3) ...of any act to perfect or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title or to the extent that such act is accomplished within the period provided under section 547(e)(2)(A) of this title."

Wyoming law provides,

> "A judgment on which execution is not levied before the expiration of one (1) year after its rendition shall not operate as a lien on the estate of the debtor... In computing the period of one (1) year, the time covered by an appeal of the case, by an injunction against the execution...shall be excluded."[20]

The statute further states,

> "The time during which any judgment is stayed shall not be included in the period during which the judgment creditor shall cause execution to be issued and levied in order to preserve his lien on the property of the debtor as against other judgment creditors."[21]

It is apparent that the automatic stay does not operate to stop a creditor from maintaining or continuing the perfection of its security interest during the pendency of a bankruptcy case. However, under Wyoming law, a creditor must execute on its lien within one year of the date the judgment is rendered to maintain its lien. Execution of a judgment is considered a violation of the automatic stay.[22] Therefore, The court finds that the one-year period is stayed during the period of the automatic stay for execution of a judgment lien. The Summit claim has not become unsecured.

In conclusion the court finds that: (1) res judicata applies to preclude MarMc from objecting to the Wyoming District Court Default Judgment; (2)

---

[20] Wyo. Stat § 1-17-336 (2011).

[21] Wyo. Stat. § 1-17-209 (2011).

[22] § 362(a)(2).

novation does not apply to extinguish the Wyoming District Court's Default Judgment; (3) Summit's claim has not become unsecured as the judgment lien has not expired; and (4) regarding the allowance of pre-petition attorney fees, the court will require an evidentiary hearing to determine: (1) whether the creditor holding the claim is oversecured; and (2) the reasonableness of the attorney's fees and costs.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 23 day of August, 2012

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
Stephen Winship
Brian Marvil