FILED

3:00 pm, 9/4/12

Tim J. Ellis
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re ) | |
| ) | |
| MARMC TRANSPORTATION, INC., ) | Case No. 10-20653 |
| ) | Chapter 11 |
| Debtor. ) | |

## OPINION ON OBJECTION TO PROOF OF CLAIM
## FILED BY DAVE SUNDEM AND MARCILLE SUNDEM

This matter came before the court for a telephonic hearing on March 15, 2012 on the Objection to Proof of Claim filed by MarMc Transportation, Inc. ("MarMc") and the Response filed by Dave Sundem and Marcille Sundem ("Sundems"). At the conclusion of the hearing the court requested that the parties file briefs. A subsequent hearing was held on May 24, 2012. At that time, the court took the matter under advisement. Upon a review of the record, the court determined that it would rule on the pleadings as dispositive motions after allowing both parties to present supplemental information.[1]

**Jurisdiction**

The court has jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B) and Fed. R. Bankr. P. 3007.[2]

---

[1] Although not related, Debtor's supplemental pleadings contain its arguments supporting this claim objection and the Debtor's Objection to the claim filed by Summit Electric, LLC.

[2] Unless otherwise indicated, all future statutory references are to the Bankruptcy Code, Title 11 of the United States Code.

**Facts**

The following are uncontested facts:

Mr. Sundem worked for MarMc as an independent truck driver through the business: Dave Sundem and Marcille Sundem, husband and wife, d/b/a Dave Sundem Trucking, Inc. After attempting to collect for unpaid services, Sundems initiated a civil action in the District Court for the State of Wyoming. MarMc failed to respond and the court entered a default judgment on February 8, 2010 in the amount of $154,736.07 with accruing interest of 10% per annum. On February 26, 2010, Sundems recorded the judgment in the real estate record of Natrona County, Wyoming.

Sundems began execution of the Default Judgment by obtaining a Writ of Garnishments ("Writ") in order to seize MarMc's bank accounts. At that time, MarMc contacted Sundems requesting release of the Writ. On March 22, 2010, MarMc executed a Promissory Note with Guaranties ("Note") agreeing to pay the judgment in the amount of $154,736.07 with 10% interest beginning on February 9, 2010 along with other conditions. Cindy Richardson, vice president of MarMc, executed the Note on behalf of MarMc. Ms. Richardson also personally executed a Guaranty of Payment of Note. Upon a motion by Sundems, the District Court for the State of Wyoming released the Writ.

MarMc filed its Chapter 11 bankruptcy petition on June 3, 2010. Sundems filed a proof of claim on August 17, 2010 asserting a secured claim in the amount of $159,611.32 [consisting of the judgment amount plus interest from February 8, 2010 to

June 3, 2010 in the amount of $4,875.25]; and an unsecured claim in the amount of $4,778.93 [consisting of attorneys' fees and costs] for a total claim in the amount of $164,390.25.

**Discussion**

MarMc objects to the claim, arguing: (1) the Default Judgment entered in the District Court for the State of Wyoming does not have a preclusive effect; (2) the Default Judgment was discharged by novation; (3) the claim is subject to reduction or setoff; and, (4) the attorney fees and costs have not been approved by the court. Additionally, MarMc supplemented its objection arguing that the secured portion of the claim is no longer secured as Sundems failed to file a continuation of their judgment lien as required under the Wyo. Stat. §1-17-336 and §362(b)(3).

A properly filed proof of claim constitutes prima facie evidence of the validity and amount of the claim.[3] Such a claim is deemed allowed unless a party-in-interest objects.[4] The objecting party has the burden of going forwarded with evidence supporting the objection. Such evidence must be of a probative force equal to that of the allegations contained in the proof of claim. However, an objection raising only legal issues is sufficient. Once the objecting party has reached this threshold, the creditor has the

---

[3] Fed. R. Bankr. P. 3001(f).

[4] 11 U.S.C. § 502(a).

ultimate burden of persuasion as to the validity and amount of the claim.[5] The validity of a creditor's claim is determined by state law. The bankruptcy court is required to determine validity or invalidity of the contract by looking to the law of the state which the court found that the contract was made and primarily payable.

(1)  Claim Preclusion

This court did an in-depth analysis of the issues of res judicata and collateral estoppel in the companion objection to the claim filed by Summit Electric, LLC, as discussed in the Opinion on Objection to Proof of Claim ("Summit Opinion").[6] As the facts and circumstances are identical, this court holds that Default Judgment entered by the District Court for the State of Wyoming is binding on MarMc under the legal premise of *res judicata*.

(2)  Novation

Again, the court's analysis of the applicability of novation in the Summit Opinion is identical to the facts and circumstances regarding the transaction with the Sundems. The Note, executed and guaranteed by MarMc's vice president, Cindy Richardson clearly and unambiguously reflects that the consideration for the Note was Sundems' release of the Writ of Garnishment issued by the Natrona County District Court. As with the Summit Opinion, the court finds that the elements required to prove novation were

---

[5] *In re Geneva Steel Co.,* 260 B.R. 517 (10th Cir. BAP 2001) and *In re Harrison,* 987 F.2d 677 (10th Cir. 1993).

[6] See docket number 614.

not met, therefore the Default Judgment was not released or discharged.

(3)   Set off

This court determined that res judicata applied to preclude MarMc from objecting to the Wyoming District Court Default Judgment. This eleventh-hour allegations of set-off is an attempt to make an end-run around that state court judgement. The issue of set-off was not brought before the state court when the matter was determined, nor was the amount of the judgement reduced, due to any set-off, upon the execution of the Note for the release of the writ of garnishment. As this court held that the Default Judgment is binding on MarMc, MarMc is precluded from alleging a set-off.

(4)   Pre-petition attorneys' fees and costs

Sundems assert an unsecured claim in the total amount of $4,778.93 for pre-petition attorneys' fees and costs. The assertion is based upon MarMc's agreement to pay attorneys' fees associated with the civil action in the District Court for the State of Wyoming as stated in the Note. Additionally, MarMc agreed to pay all costs of collection upon executing the Note.

As stated in the Summit Opinion a creditor with an oversecured claim is entitled to any reasonable fees, costs or charges provided under the agreement under which the claim arose.[7] The four basic requirements for the allowance of attorney fees, costs and charges, under § 506 are:

---

[7] § 506(b).

Page 5

>  (1) the claim must be an allowed secured claim; (2) the creditor holding the claim must be oversecured; (3) the entitlement to fees, costs, or charges must be provided for under an agreement or state statute under which the claim arose; and (4) the fees, costs, and charges sought must be reasonable in amount.[8]

As in the court's analysis of the facts and circumstances in the Summit Opinion, this court's review of "Exhibit F" does not provide the court sufficient information to determine if the Sundems' attorney fees and costs were reasonable or if the claim is oversecured. Therefore the court shall schedule an evidentiary hearing on this issue.

(5)   <u>Failure to comply with Wyoming UCC requirement of filing a continuation of the judgment lien</u>

As discussed in the Summit Opinion, MarMc argues that Sundems' claim is derived from a default judgment obtained in the District Court for the State of Wyoming and which was recorded in the real estate records of the County Clerk for Natrona County, State of Wyoming. MarMc presents that same argument with regard to the Sundems' secured claim.

As this court found in its analysis in the Summit Opinion, the execution period is stayed during the period of the bankruptcy automatic stay for execution of a judgment lien. The Summit claim has not become unsecured.

**Conclusion**

In conclusion the court finds that: (1) res judicata applies to preclude MarMc from objecting to the Wyoming District Court Default Judgment; (2) novation does not apply

---

[8] *In re Sun 'N Fun Waterpark LLC*, 408 B.R. 361 (10th Cir. BAP, 2009).

to extinguish the Wyoming District Court's Default Judgment; (3) as res judicata applies to preclude MarMc from alleging a set-off; (4) Sundems' claim has not become unsecured as the judgment lien has not expired; and, (5) regarding the allowance of pre-petition attorney fees, the court will require an evidentiary hearing to determine: (1) whether the creditor holding the claim is oversecured; and (2) the reasonableness of the attorney's fees and costs.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 4 day of September, 2012

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
    Stephen Winship
    Keith Dodson